```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

CHARLES CLIFTON EARLE, IV           :    BK No. 05-15532
          Debtor                         Chapter 7
                                    :
PHOEBE MORSE, UNITED STATES
TRUSTEE                             :
          Plaintiff
v.                                  :    A.P. No. 06-1060

CHARLES CLIFTON EARLE, IV           :
          Defendant
- - - - - - - - - - - - - - - - - -x
```

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is the Debtor/Defendant's motion to reconsider our Order of September 7, 2007, granting the United States Trustee's ("UST") motion for entry of default judgment against him for failing to comply with prior discovery orders.[1] A motion to alter or amend judgment is governed by Fed. R. Civ. P. 59(e), applicable in bankruptcy under Fed. R. Bankr. P. 9023.[2] To

---

[1] By separate motion, Earle also seeks reconsideration of the order and judgment entered on September 21, 2007, denying him a discharge pursuant to the Complaint. Because these matters all stem from the granting of the UST's motion for entry of default, they will be treated as one and the same.

[2] Fed. R. Civ. P. 59(e) states: "Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."
 Also, while reconsideration is not a term appearing in the Federal Rules of Civil Procedure, it is generally accepted that courts treat such pleadings as motions under Rule 59(e), because reconsideration draws attention to the correctness of a court's decision. *See Aguiar v. Interbay Funding, LLC, (In re Aguiar)*, 311 B.R. 129, 134, 135 (B.A.P. 1st Cir. 2004); *Vargas v. Gonzalez,* 975

BK No. 05-15532; A.P. No. 06-1060

succeed on such a motion, the movant must establish either: (1) that the judgment was based on an error of fact or law; or (2) the existence of newly discovered material evidence. *Rowbotham v. Rowbotham (In re Rowbotham),* 359 B.R. 356, 2007 WL 878499, *4 (1st Cir. B.A.P. 2007); *In re Almacs, Inc.*, 181 B.R. 143, 144 (Bankr. D.R.I. 1995); *Int'l Strategies Group, LTD. v. Greenberg Traurig, LLP, et al.,* 482 F.3d 1 (1st Cir. 2007); *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006); *In re Wedgestone Financial*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992).

The movant may not raise arguments that could or should have been made at trial, or to argue a new legal theory, *see In re Almacs, Inc.*, 181 B.R. at 144; *Aybar, et al. v. Crispin-Reyes,* 118 F.3d 10, 16 (1st Cir. 1997) (citations omitted); or to repeat arguments that were previously considered and rejected. *Nat'l Finish Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F2d. 119, 124, (1st Cir. 1990).

The Debtor/Defendant ignores the extensive travel in this matter and merely repeats prior arguments. He claims that he retained counsel prior to the September 5, 2007 hearing, and that the Court should have allowed his counsel time to get up to speed

---

F.2d 916, 917 (1st Cir. 1992).

BK No. 05-15532; A.P. No. 06-1060

in this case. The reality is that his opportunity to obtain counsel expired on March 26, 2007, after he had already been given several extensions of that deadline, which he failed to heed. *See* Order Granting in Part and Denying in Part Motion to Continue Hearing, Doc. No. 51, August 10, 2007. Additionally, Mr. Earle acknowledges in his motion that he did not even *request* certain documents (which he asserts were needed to complete his discovery) until August 23, 2007. *See* Defendant's Motion, Doc. No. 64, Exhibit C. That request was filed two months after the *first* Court ordered deadline of June 22, 2007, requiring him to comply with outstanding discovery requests, *see* Minutes of Hearing, May 16, 2007, and at least one week after the second deadline of August 15, 2007. *See* Order Granting in Part and Denying in Part Motion to Continue Hearing, Doc. No. 51, August 10, 2007. The Debtor/Defendant's failure to even request information he deems necessary until after deadlines expire, demonstrates a lack of candor, as well as serious doubt regarding his intention to comply with any of the Court imposed discovery deadlines.

Because the Debtor/Defendant has not met his burden under Fed. R. Civ. P. 59(e), and because he has not acted in good faith, the Motion to Reconsider is DENIED.

BK No. 05-15532; A.P. No. 06-1060

Dated at Providence, Rhode Island, this    5th    day of November, 2007.

                                                             _____
                                                             Arthur N. Votolato
                                                             U.S. Bankruptcy Judge

Entered on docket: 11/5/2007